IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CARTER,                         :
                                     :
        Plaintiff                    :
                                     :    CIVIL NO. 1:CV-05-1995
        vs.                          :
                                     :    (Judge Caldwell)
LT. K.C. KLAUS, *et al.*,            :
                                     :
        Defendants                   :


*M E M O R A N D U M*

I.    *Introduction.*

        Plaintiff John Carter, an inmate at the Camp Hill State
Correctional Institution ("SCI-Camp Hill"), Camp Hill,
Pennsylvania, filed this civil-rights action pursuant to 42 U.S.C.
§ 1983 alleging that he was assaulted by staff on June 3, 2005,
while housed in the prison's Special Management Unit ("SMU").  He
further alleges he was denied adequate clothing, housing and
medical care after the assault.  (Doc. 1, Compl.).  Named as
defendants are the following SCI-Camp Hill employees, Lt. Klaus,
and correctional officers, Huber, Kotula, Snyder, Britton, Houser,
Lee and Pelter.

        Presently before the Court is Defendants' Motion for
Summary Judgment, based solely on Carter's alleged failure to
exhaust his administrative remedies.  Carter responds that he has
complied with the exhaustion requirement because under DC-ADM 001
he reported his allegations of abuse to the Pennsylvania

Department of Corrections ("DOC") Office of Professional
Responsibility.

We will evaluate Defendants' summary-judgment motion
under the well-established standard.  *See Glanzman v. Metropolitan
Management Corp.,* 391 F.3d 506, 508 n.1 (3d Cir. 2004).  We agree
with Plaintiff's position and will therefore deny the motion.


II.   *Background.*

The following facts are taken from the record and are
undisputed.  At all times relevant to this action, Carter was
housed at SCI-Camp Hill. (Doc. 30-2, Defs.' Statement of
Undisputed Material Facts ("SMF"), SMF at ¶ 1).  Carter alleges he
was assaulted by the named defendants on June 3, 2005, while
housed in SCI-Camp Hill's SMU.  (Doc. 1, Compl.).

The DOC has an "Inmate Abuse Allegation Monitoring"
policy, DC-ADM 001, (doc. 37-5, Pl.'s Ex. D), expressing the
principle that an inmate should "not [be] subjected to corporal or
unusual punishment, **or personal abuse or injury**."  (*Id.*, Part V,
"Policy")(boldface and italics in original)(footnote omitted).  In
part, "Abuse" is defined in the policy as "[c]onduct by an
employee . . . that involves "the use of excessive force upon an
inmate" but which excludes "conditions of confinement."  (DC-ADM
001, Part IV, "Definitions," Subpart A).  An inmate can report
abuse in three ways:

-2-

>        1. report it verbally or in writing to any
>        staff member;
>
>        2. file a grievance in accordance with
>        Department policy **DC-ADM 804, "Inmate
>        Grievance System;"** or
>
>        3. report it in writing to the Department's
>        Office of Professional Responsibility (OPR).

(*Id.*, Part VI, "Procedures," subpart D).

DC-ADM 804, the "Inmate Grievance System" Policy is a four-level administrative remedy process designed to address inmate problems that may arise during the course of confinement. 37 Pa. Code § 93.9(a); *see also* www.cor.state.pa.us. The inmate must first attempt to resolve the problem informally, he may then submit a written grievance to the prison Grievance Coordinator for initial review, follow that with an appeal to the Superintendent of the institution, and then finally take an appeal to the DOC Secretary's Office of Inmate Grievances and Appeals. DC-ADM 804 specifically provides that: "A grievance dealing with allegations of abuse shall be handled in accordance with Department policy **DC-ADM 001, "Inmate Abuse Allegation Monitoring Process."** (DC-ADM 804, Part VI, "Procedures," Subpart B, "Initial review" ¶ 10).

Plaintiff invoked both policies. In mid-June 2005, he and his mother wrote to Superintendent Kelchner, claiming that SCI-Camp Hill SMU staff had assaulted him. Carter's allegations were referred to SCI-Camp Hill's Security Office for

investigation. (Doc. 37-6, Carter's Decl., ¶¶ 3-4; *see also* Doc. 30-3, Exhibit Taggart-2, p. 21, Official Inmate Grievance Initial Review Response). After the Security Office rejected Plaintiff's claim, OPR reviewed it. In September 2005, the Director of OPR wrote to Plaintiff: "The Security Office conducted their investigation, which included an interview of [Plaintiff] on July 21, 2005 and a result of this interview, interview with the alleged officers, and an investigation of the other facts." (Doc. 30-3, Exhibit Taggart-2, p. 21, Official Inmate Grievance Initial Review Response). The "investigation determined that [Carter's] allegations of abuse [were] without merit." (Doc. 37-3, Pl.'s Ex. B, Sept. 13, 2005, Letter from Michael P. Wolanin, Director of OPR).

In the meantime, Carter filed grievances under DC-ADM 804. On August 30, 2005, he filed grievance #129667 demanding the removal of Lt. Klaus, CO Huber and CO Britton from their posts in the SMU, or alternatively, his transfer from the unit, as a result of their involvement in the alleged June 3, 2005, assault. (Doc. 30-3, Exhibit Taggart-2, p. 22, Official Inmate Grievance Form). SCI-Camp Hill's Grievance Coordinator, Ian W. Taggart, denied Carter's grievance and advised him of his appeal rights under DC-ADM 804. (*Id.* at p. 21). Grievance Officer Taggart affirms that

Carter did not appeal grievance #129667 beyond the Initial Review Response. (Doc. 30-3, Taggart Declaration at ¶ 16).

On September 27, 2005, Carter filed grievance #131320, claiming that Lt. Reading, who was conducting the investigation into his allegations of assault, was not impartial and did not conduct a proper investigation. (Doc. 37-4, Pl.'s Ex. C, p. 3, Official Inmate Grievance #131320). Grievance Officer Taggart denied the grievance as without merit based on Carter's failure to provide any evidence to support his allegations. (*Id*. at p. 2, Official Inmate Grievance Initial Review Response). In part, Taggart wrote, "In all of the investigations concerning your allegations the Security Office has found them to be without merit and the Office of Professional Responsibility has concurred with these findings." (*Id*.).

III. *Discussion*.

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. *See* 42 U.S.C. § 1997e(a). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S.

-5-

516, 532, 122 S.Ct. 983, 991, 152 L.Ed.2d 12, 26 (2002).

Exhaustion must also be "proper." *Woodford v. Ngo*, ___ U.S. ___, _

_, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368, 380 (2006).  "Proper

exhaustion demands compliance with an agency's deadlines and other

critical procedural rules because no adjudicative system can

function effectively without imposing some orderly structure on

the course of its proceedings." *Id.* at ___, 126 S.Ct. at 2386,

165 L.Ed.2d at 378.  Hence, an inmate must "us[e] all steps that

the agency holds out." *Id.* at ___, 126 S.Ct. at 23855, 165

L.Ed.2d at 378.  Nonetheless, a prisoner's "[c]ompliance with the

administrative remedy scheme will be satisfactory if it is

substantial." *Nyhuis v. Reno*, 204 F.3d 65, 77-78 (3d Cir. 2000).

A prisoner does not have to allege in his complaint that

he has exhausted administrative remedies. *Ray v. Kertes*, 285 F.3d

287 (3d Cir. 2002).  Failure to exhaust available administrative

remedies is an affirmative defense, *id.*, so it must be pleaded and

proved by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d

Cir. 2002).

Defendants' motion for summary judgment is based solely

on the position that Carter failed to completely exhaust his

available administrative remedies under DC-ADM 804, specifically,

that he failed to pursue grievance #129667 through all of the

tiers required by DC-ADM 804.  (Doc. 30-1, Defs.' Supporting

Brief).  In opposition, Carter does not dispute that he did not appeal this grievance to completion via DC-ADM 804.  Rather, he asserts that his compliance with DC-ADM 001 satisfies the PLRA's exhaustion requirement.

We agree with Plaintiff.  As noted, DC-ADM 001 permits an inmate to report a claim of abuse either by grieving it under DC-ADM 804 or by reporting it under DC-ADM 001.[1]  Carter pursued his grievance to the OPR under DC-ADM 001, the only step he had to take under that policy.  The Director of OPR found Carter's claims of abuse to be "without merit."  (Doc. 37-3, Pl.'s Ex. B, Sept. 13, 2005, Letter from OPR Director Wolanin).  To remove any doubt as to the resolution of OPR's investigation, Grievance Officer Taggart confirms that "[i]n all of the investigations concerning your allegations the Security Office has found them to be without merit and the Office of Professional Responsibility has concurred with these findings."  (Doc. 37-4, Pl.'s Ex. C, Sept. 27, 2005, Official Inmate Grievance Initial Response).

The exhaustion of administrative remedies is an affirmative defense.  *Ray*, *supra*.  Defendants filed no reply brief to Carter's argument that he complied with the exhaustion requirement by way of DC-DM 001.  Based on the record before the

---

[1]  The third way is a verbal or written report to any staff member.

court, we thus conclude that Carter has complied with the PLRA's exhaustion requirement because OPR, the only office he had to report his abuse allegations to, examined Carter's complaint on the merits and found them lacking.[2]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 22, 2006

---

[2] Based on the allocation of the burden of proof, we also need not address exhaustion as it relates to Plaintiff's claim concerning his conditions of confinement after the alleged assault.

-8-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CARTER,                          :
                                      :
        Plaintiff                     :
                                      :    CIVIL NO. 1:CV-05-1995
        vs.                           :
                                      :    (Judge Caldwell)
LT. K.C. KLAUS, *et al.*,             :
                                      :
        Defendants                    :


*O R D E R*


        AND NOW, this 22nd day of December, 2006, for the reasons set forth in the accompanying Memorandum, it is ordered that Defendants' Motion for Summary Judgment (Doc. 29) is denied.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge